UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

CODY DILLON HOGAN,

      Petitioner,

v.

                                   Case No. 3:25-cv-295-BJD-MCR
                                         3:20-cr-143-BJD-MCR

UNITED STATES OF AMERICA,

      Respondent.

_____

## **ORDER**

**THIS CAUSE** is before the Court on Petitioner's Motion for Reconsideration of Order Denying Motion for Leave to Amend ("Motion for Reconsideration," Civ. Doc. 23[1]). For the reasons stated herein, the Motion for Reconsideration will be **DENIED**.

### I.    Standard

A motion seeking reconsideration of an earlier ruling is governed by either Rule 59 or Rule 60, Federal Rules of Civil Procedure. Rule 59(e) governs motions to alter or amend judgment filed no later than twenty-eight days after the entry of the judgment. Fed. R. Civ. P. 59(e). Rule 60(b) governs motions

---

[1] Citations to the record in the civil case will be denoted as "Civ. Doc. __," and citations to the record in the underlying criminal case will be denoted as "Crim. Doc. __."

seeking relief from a final judgment, order, or proceeding filed within a reasonable time, or no more than a year after the entry of the judgment or order, or the date of the proceeding.  Fed. R. Civ. P. 60(c).  Considering the timing of Petitioner's Motion for Reconsideration, it should be reviewed under Rule 59(e).

"The only grounds for granting [a Rule 59] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (quotations and citation omitted).  This Court has interpreted those parameters to include "(1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice."  *Lamar Advert. of Mobile, Inc. v. City of Lakeland, Fla.*, 189 F.R.D. 480, 489 (M.D. Fla. 1999).[2]

Rule 59(e) cannot be used "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).  Indeed, permitting a party to raise new arguments on a motion for reconsideration "essentially affords a litigant 'two bites at the apple.'"  *Am.*

---

[2] Although decisions of other district courts are not binding, they may be cited as persuasive authority.  *See Stone v. First Union Corp.*, 371 F.3d 1305, 1310 (11th Cir. 2004) ("Although a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

*Home Assurance Co. v. Glenn Estess & Assocs., Inc.*, 763 F.2d 1237, 1239 (11th Cir. 1985); *see also Mincey v. Head*, 206 F.3d 1106, 1137 n.69 (11th Cir. 2000) (citation omitted); *Mays v. U.S. Postal Serv.*, 122 F.3d 43, 46 (11th Cir. 1997) ("[A] motion to reconsider should not be used by the parties to set forth new theories of law."). Moreover, "[w]hen evaluating a motion to reconsider, a court should proceed cautiously, realizing that 'in the interest of finality and conservation of scarce judicial resources, reconsideration of a previous order is an extraordinary remedy to be employed sparingly.'" *United States v. Bailey*, 288 F. Supp. 2d 1261, 1267 (M.D. Fla. 2003) (citation omitted).

Similarly, Rule 60(b) permits a district court to relieve a party from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. Fed. R. Civ. P. 60(b).

## II.    Discussion

Without referencing either Rule 59(e) or Rule 60(b), Petitioner argues the Court should reconsider its Order (Civ. Doc. 22), denying Petitioner's Motion for Leave to Amend the Motion Under 28 U.S.C. § 2255 (Civ. Doc. 17). (*See* Civ. Doc. 23). According to Petitioner, the Court's Order "construes

Ground Three of the original timely 28 U.S.C. § 2255 motion more narrowly than the pleading itself allowed," and "in doing so overlooks controlling Eleventh Circuit authority on relation back, namely *Dean v. United States*, 278 F.3d 1218 (11th Cir. 2002)." (Civ. Doc. 23 at 1).

In the Order denying Petitioner's Motion for Leave to Amend, the Court explained:

> Here, Hogan's new claims do not arise out of the same "conduct, transaction, or occurrence" as his original claims. The new claims allege that both of Hogan's trial attorneys, Mr. Reiter and Mr. Smith, were ineffective for failing to object to the five-level pattern-of-activity enhancement under U.S.S.G. § 4B1.5, the two-level enhancement under U.S.S.G. § 2G2.1(b)(2)(A), and the two-level enhancement under U.S.S.G. § 2G2.1(b)(6)(B), as well as for failing to file a sentencing memorandum to address each of those enhancements. (*See* Civ. Doc. 17 at 1). These claims are not sufficiently similar "in both time and type" to Hogan's original claims. Unlike the new claims, Hogan's original claims only allege that Mr. Reiter was ineffective for failing to prepare a sentencing memorandum. Any such claims pertaining to Mr. Smith would not be sufficiently similar in time to Hogan's original claims. Also, the new claims would not be sufficiently similar in type to Hogan's original claims. The specific guideline enhancements referenced in the new claims are not included in Hogan's original § 2255 Motion. And while Hogan's original § 2255 Motion references Mr. Reiter's failure to challenge two mischaracterizations of Hogan's conduct, which purportedly inflated his sentence, Hogan does not explain the connection between such mischaracterizations and his new claims. Notably, as the Government observes, Hogan's "offense behavior" did not become part of the relevant conduct included in the amended PSI, and was not used to enhance his guideline range. (*See* Crim. Doc. 97 at 8–9). As Hogan's new claims do not relate back to his original § 2255 Motion, those claims are untimely.

(Civ. Doc. 22 at 8–9 (citations modified)).

*Dean* does not compel a different conclusion in Petitioner's case.  In *Dean*, the Eleventh Circuit explained that "[o]ne purpose of an amended claim is to fill in facts missing from the original claim," and held that "three of Dean's amended claims on appeal expand the facts, and serve to further specify his original claims."  278 F.3d at 1222.  Petitioner's new claims did not simply "fill in facts missing from the original claim" or "further specify his original claims." *Id.*  Rather, as stated previously, Petitioner's new claims were not sufficiently similar "in both time and type" to his original claims.  (Civ. Doc. 22 at 8).  In sum, Petitioner has not shown a proper basis for reconsideration of the Court's ruling under either Rule 59(e) or Rule 60(b).

Accordingly, it is **ORDERED**:

The Motion for Reconsideration (Civ. Doc. 23) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida, this 26th day of June, 2026.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Jax-11
c:
Counsel of Record
Cody Dillon Hogan, #17061-509

5